This is a bill for injunction. The defendant is the owner of a tract of land in Morris county, acquired June 1st, 1919, by him from one Grover D. Smith. Prior to the conveyance, Mr. Smith had enlarged a lake upon the property and erected a concrete dam for the purpose of making a larger lake. On September 30th, 1922, Bessie S. Cresse, wife of Thomas W. Cresse, organizer of the defendant corporation, acquired title to a tract of land below the tract owned by defendant. She later transferred title to the complainant.
In 1922 complainant erected a dam upon its property in an attempt to create a lake there. When defendant's dam was erected there was a spillway constructed in it, and in this spillway were batter boards. About a year and a half prior to May 1st, 1924, these batter boards were replaced by a stationary gate. This gate remained until the above-mentioned date, May 1st, 1924, when batter boards were again placed in the spillway. *Page 181 
Complainant claims that it does not get the natural flow of water from the brook to which it is entitled on account of the batter boards, and insists that the stationary gate be replaced.
The law in regard to cases of this character is elaborately discussed in the case of Mayor, c., of Paterson v. EastJersey Water Co., 74 N.J. Eq. 49.
Vice-Chancellor Emery, on page 75, quotes with approval the statement in 3 Kent Com. 439, the final passage of which reads as follows:
"All that the law requires of the party by or over whose land a stream passes is that he should use the water in a reasonable manner, and so as not to destroy or render useless, or materially diminish or affect, the application of the water by the proprietors above or below on the stream."
The question, therefore, it seems to me, is entirely one of fact as to whether the complainant is deprived of the proper and usual flow of this stream. I do not think it is. It purchased its property after defendant's dam was erected, and there is no testimony to show that any water is diverted from its usual channel, and the loss from evaporation and soakage into the ground is not shown to be material.
I think the complainant receives as much water now that the batter boards are replaced as it did before, and I shall therefore advise a decree dismissing the bill. *Page 182